UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>UNKNOWN,<br><br>Defendant. | No. 2:21-cv-1515 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint originally filed in the Northern District of California. On August 20, 2021, the Northern District of California transferred the case to this court. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's original complaint filed on June 28, 2021 is before the court for screening.

**I.  In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Examination of the in forma pauperis application reveals plaintiff is unable to afford the costs of suit. However, because it is unclear whether plaintiff's pleading was properly framed as a civil rights complaint, rather than a petition for writ of habeas corpus, and the filing costs associated with each pleading are different, the court will defer ruling on the application to proceed in forma pauperis at this time. As set forth below, the undersigned recommends this action be dismissed.

## II. Screening Requirement and Pleading Standard

The court is required to screen complaints brought by prisoners and seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C. § 1915A(a), the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

## III. Allegations in the Complaint

Plaintiff is presently confined at Mule Creek State Prison. Plaintiff's complaint makes allegations arising out of his criminal case in the Sacramento County Superior Court, case number 94F04029 (report number 94-016414). According to publicly accessible records of the Sacramento County Superior Court, plaintiff was charged with first-degree burglary in case number 94F04029. By court trial on January 24, 1996, he was found not guilty by reason of insanity, which resulted in a civil commitment.[1]

Plaintiff alleges the prosecution did not meet its evidentiary burden and his counsel rendered ineffective assistance. (See ECF No. 1 at 2-3.) A witness, Daryal Parker, made "two

---

[1] This court takes judicial notice of the online docket records for the Sacramento County Superior Court. See U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008) (a court may take judicial notice of "matters of public record"); Minor v. Fedex Office and Print Services Inc., 78 F. Supp. 3d 1021, 1027-28 (N.D. Cal. 2015) (court filings and publicly accessible websites are proper subjects for judicial notice). These records are publicly accessible at https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/CaseDetails?sourceSystemId=8&sourceKey=414030, last accessed 12/27/2021.

different testimonies," one of which matched appellant's alibi. (Id. at 3.) On appeal, plaintiff's appellate counsel failed to ensure the record was sufficient. (Id. at 2.) For relief, plaintiff seeks "any and all relief payable" and to be "pardon[ed] from this criminal history." (Id. at 3.)

**IV.    Discussion**

Federal law opens two main avenues to relief on complaints related to state imprisonment: a petition for habeas corpus under 28 U.S.C. § 2254 and a civil rights complaint under 42 U.S.C. § 1983. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). Stated differently, claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas corpus, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A habeas corpus action, in contrast, provides a method for a person held in confinement to seek immediate or more speedy release. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). Habeas corpus is the exclusive vehicle for such claims, which may not be brought in a § 1983 civil rights action. Nettles, 830 F.3d at 927.

Plaintiff's complaint in this action is presented on a civil rights complaint form and he seeks monetary relief in the form of any relief payable. However, the complaint does not challenge any aspect of prison life and does not state a cognizable claim under 42 U.S.C. § 1983. Despite plaintiff's attempt to present this action as a civil rights matter, the claims presented challenge the validity of his current or prior confinement arising out of case number 94F04029 in

the Sacramento County Superior Court. The proper avenue to seek such relief is by way of a habeas corpus petition filed under 28 U.S.C. § 2254. Because plaintiff was convicted in Sacramento County, such a challenge is properly filed in this court. Court records confirm plaintiff is presently pursuing habeas relief in Turner v. Covello, No. 2:21-cv-1328 JAM DMC (E.D. Cal.), which is an open case.[2] Plaintiff should raise all challenges to his current or prior confinement in his pending case. If plaintiff did not include his present challenges in his pending federal habeas petition, he may wish to seek leave to do so, provided he has exhausted his state court remedies as to such challenges. See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

Plaintiff's allegations do not state a claim for relief under 42 U.S.C. § 1983 and the complaint must be dismissed.[3] Although the court would generally grant plaintiff leave to amend in light of his pro se status, here the allegations could not be amended to state a cognizable claim under 42 U.S.C. § 1983. Thus, the complaint's deficiencies cannot be cured by amendment and leave to amend would be futile. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

---

[2] Plaintiff has additionally brought at least one prior habeas corpus action challenging the fact or duration of his commitment arising out of Sacramento County Superior Court case number 94F04029. See Turner v. Unknown, E.D. Cal. Case No. 2:20-cv-0201 KJM CKD.

[3] Plaintiff is cautioned that, in addition to incurring future court filing fees, his continued filing of civil rights complaints attempting to challenge the validity of his current or prior confinement may result in a three strikes bar under 28 U.S.C. § 1915(g), limiting his future access to the federal courts. Section 1915(g) bars inmates who have, on at least three occasions, filed civil lawsuits that have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Id. When the court dismisses a civil rights action on the ground that it fails to state a claim upon which relief can be granted, it constitutes a "strike" under the "three strikes" provision of 28 U.S.C. § 1915(g). If plaintiff accumulates three strikes, he will be barred from bringing any further actions in federal court without prepaying the filing fee, unless he can establish that he is in imminent danger of serious harm. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1049-51 (9th Cir. 2007).

In addition, IT IS RECOMMENDED:

1. Plaintiff's complaint (ECF No. 1) be dismissed without leave to amend; and

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 3, 2022

DLB7
turn1515.screenfr

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE